BARKDULL, Chief Judge.
The appellant seeks review of an order granting attorney fees for a guardian ad litem to be paid by Legal Services of Greater Miami, Inc.
In July of 1972 Lidia Fernandez, by Legal Services of Greater Miami, Inc. [a Federal agency], filed a petition for dissolution of marriage. She had been determined to be an indigent and Legal Services had not required any prepayment of costs and would not receive a fee for their representation. The petitioner’s husband was in Cuba and he sent a letter by way of an answer to the petition. Thereafter, the plaintiff moved that a guardian ad litem be appointed to represent the absent husband in the cause; such an appointment was made. After several attempts to schedule the matter for final hearing, it was discovered that the petitioner could not be found and therefore the petitioner’s counsel motioned the court for leave to withdraw on January 14, 1974. That motion was granted. Thereafter, the guardian ad litem petitioned for an award of attorney fees and the motion was granted and a fee of $150.-00 was awarded. The appellant contends the court erred in ordering the Legal Services to pay for the attorney’s fees of the guardian ad litem.
Legal Services of Greater Miami, Inc. was established pursuant to § 2809(a)(3), U. S. Code, as a result of Federal legislation enacted in 1964. This legislation is found in Ch. 34, 42 U.S. Code Anno. Legal Services determined that the appellant met the conditions to entitle her to relief by that Federal agency. They filed an action on her behalf and they sought the appointment of the guardian ad litem. Subsequently, the trial court taxed the costs of this guardian ad litem to Legal Services. It appears that this is an item of cost that should be borne by the Federal agency out of the funds provided by the Federal Congress. The agency elected to file a law suit on behalf of one who may or may not be a citizen of the United States against *179 the respondent who was acknowledged to be in Cuba. It should have been readily apparent to the Federal agency that appropriate action would have to be taken to protect the interests of the non-resident, and these costs should be borne by the Federal agency.
However, we have examined the case of Trujillo v. United States, 5th Cir. 1974, 492 F.2d 128, cited for reversal by the appellant, and find it to be applicable to the. type of costs incurred in the instant matter. Therefore, the order here under review be and the same is hereby reversed.
Reversed.